IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT RAY SANDLIN, #11398-078, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1661-P |
| | ) | |
| WARDEN DAVID BERKEBILE, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: At the time of filing this habeas action, Petitioner was confined within the Bureau of Prisons (BOP) at FCI Seagoville in Seagoville, Texas. He was subsequently transferred to a community correction center (also known as Residential Reentry Center (RRC) or halfway house) in Tyler, Texas. He was recently released from the RRC and is residing in Dallas, Texas.

Respondent is the warden of FCI Seagoville. The court issued process in this case.

Statement of Facts: On September 19, 2008, Petitioner filed an expedited habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking to enjoin the BOP from transferring him on

October 1, 2008, to a halfway house in Tyler, Texas, and requesting instead to be transferred to a halfway house in Dallas, which was closer to his home and employment. He argued that his wife's Dallas address had been in his file since January 2008, long before the RRC referral paperwork was submitted, and that his unit team did not follow BOP's rules and procedures.

On October 2, 2008, after granting him an opportunity to brief the constitutional or statutory claims at issue in his petition, the District Court denied Petitioner's motion for a temporary restraining order and for injunctive relief, and ordered Respondent to show cause.

In his November 3, 2008 response, Respondent asserted that the petition should be dismissed as moot and, alternatively, that it should be denied for failure to exhaust administrative remedies, or on the merits because it failed to raise a constitutional claim. On November 12, 2008, Respondent moved to dismiss, advising the court that Petitioner had been released from the RRC in Tyler. Petitioner has filed a reply objecting to the response and seeking to strike the motion to dismiss.

<u>Findings and Conclusions</u>: "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988).

Contrary to Petitioner's assertion, the gravamen of his habeas petition was that BOP officials did not assign him to the RRC closest to his release destination. Issues remain as to

2

when Petitioner provided his wife's Dallas address, and when he designated it as his release destination. In his reply, Petitioner states that he "never claimed a right to any location." (Reply at 3). While he needed/wanted to be assigned to the Dallas RRC due to family reasons, he asserts that "his specific release needs were never considered" and that his unit team engaged in "a pattern of non-compliance." (*Id.*).

The court need not resolve the above issues. Petitioner was recently released from the RRC in Tyler, rendering moot any further relief sought in his petition. *Cf. Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (appeal was moot following prisoner's release from custody). Dismissal of the petition as moot is therefore appropriate. *See McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Respondent's motion to dismiss be GRANTED, and that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction, the same being moot. It is further recommended that Petitioner's motions to strike and for extension of time to reply be DENIED.

A copy of this recommendation will be transmitted to Petitioner and to counsel for

Respondent.

Signed this 8th day of December, 2008.

*[signature: Wm. F. Sanderson, Jr.]*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.